UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BKCAP LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) Cause No.: 3:07-CV-00637 |
| | ) |
| v. | ) |
| | ) |
| CAPTEC FRANCHISE TRUST 2000-1, | ) |
| | ) |
| Defendant, | ) |

**OPINION AND ORDER**

In its Order dated September 9, 2009, this Court identified a potential problem with its subject matter jurisdiction at the time of this case's removal and directed the parties to file separate briefs in support of the Court's subject matter jurisdiction. (Docket # 86.) The parties have now done so, and at this Court's status conference on September 23, 2009, neither party wished to be heard further on the matter. (Docket # 87, 89, 90.) Based on the submissions of the parties, and for the reasons set forth herein, the Court confirms that it has subject matter jurisdiction in this action.

*A. Factual and Procedural Background*

Plaintiffs originally filed this suit on October 25, 2007, in St. Joseph Superior Court against Defendants The Bank of New York Company, Inc. ("BNY"), and Wells Fargo Bank, N.A., seeking a declaratory judgment and damages for breach of contract in connection with certain promissory notes Plaintiffs executed in 1999. (Notice of Removal ¶ 1.) After the complaint was filed, Defendants' counsel exchanged several communications with Plaintiffs' counsel, explaining that Plaintiffs had failed to name the proper party in interest to the claims asserted in the complaint. (Keller Aff. ¶ 4.)

By letter dated November 19, 2007, Plaintiffs' counsel represented that, upon receipt of a letter from Defendants' counsel identifying the proper party defendant, Plaintiffs would amend the complaint to name the proper party defendant and dismiss Wells Fargo and BNY without prejudice. (Keller Aff. ¶ 5, Ex. 1.) Defendants' counsel then advised Plaintiffs' counsel by letter that Captec Franchise Trust 2000-1 (the "Trust") was the proper party defendant to the complaint because it was the owner and holder of the promissory notes at issue, and that under no set of circumstances could Plaintiffs assert the causes of action identified in the complaint against either Wells Fargo, as trustee, or BNY, as the Trust's servicing agent for the notes. (Keller Aff. ¶ 6, Ex. 2.)

On December 4, 2007, Plaintiffs filed an amended complaint, wherein it added the Trust as a Defendant but failed to dismiss Wells Fargo and BNY. (Keller Aff. ¶ 7.) Defendants then on December 28, 2007, removed this case to federal court under 28 U.S.C. § 1332, asserting that the citizenship of BNY, which has common citizenship with the Plaintiffs, should be disregarded because it was "fraudulently joined" in the action.[1] (Notice of Removal ¶¶ 5, 9; Defs.' Br. in Supp. of Subject Matter Jurisdiction 3.) A few weeks later, on January 23, 2008, the parties then stipulated to dismiss Wells Fargo and BNY from this suit without prejudice. (Docket # 14.)

### B. Discussion

The "fraudulent joinder" exception allows a federal court to disregard the citizenship of a defendant in determining the propriety of removal. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992). "Although false allegations of jurisdictional fact may make joinder

---

[1] The parties' citizenship at the relevant time was as follows: Plaintiffs, Indiana and Delaware; BNY, Delaware and New York; Wells Fargo, South Dakota and California; and the Trust, California and South Dakota. (Def.'s Br. in Supp. of Subject Matter Jurisdiction 3; Notice of Removal ¶¶ 10-13.)

fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Id.* at 73 (citations omitted).

Here, the parties' submissions reflect that Plaintiffs' claims against BNY had no chance of success. Plaintiffs, the borrowers and makers of the promissory notes, and the Trust, an assignee of the original lender-payee of the Notes, disagree about the prepayment provision common to all the notes. (Notice of Removal ¶ 14.) Defendants explain, and Plaintiffs do not dispute, that BNY, as the servicing agent of the Trust for the notes, is neither a party to the promissory notes nor is in privity with a party to the notes, and thus Plaintiffs cannot establish a cause of action against BNY for the claims articulated in their complaint. (Notice of Removal ¶ 14); *see generally OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314-15 (Ind. 1996) ("Generally, only parties to a contract or those in privity with the parties have rights under the contract."). In that vein, Plaintiffs represented to Defendants that once they identified the proper party defendant, Plaintiffs would amend their pleadings to name the proper party defendant and dismiss BNY and Wells Fargo.

Despite this representation, Plaintiffs included BNY as a Defendant in their amended complaint. The amended complaint, however, fails to assert a specific cause of action against BNY. Rather, it expressly acknowledges that the "notes at issue were assigned to the Trust", that "[t]here is a justiciable controversy between the Borrowers, on the one hand, and the Trust, on the other", and that BNY and Wells Fargo were included merely "to answer as to any interest they may claim in their capacities as trustee and servi[ci]ng agent, respectively for the Trust". (Am. Compl. ¶¶ 11, 12, 19.) Defendants emphasize, and Plaintiffs do not dispute, that "[t]he relief granted in this case, if any, will be against Captec Trust and not against BNY." (Notice of

3

Removal ¶ 15.)

Of course, ultimately true to their word, Plaintiffs did voluntarily dismiss BNY and Wells Fargo from this suit shortly after removal. As a result, a remand in this instance would simply constitute a waste of judicial resources, as the Trust could, and likely would, promptly remove the case right back to federal court based on diversity of citizenship between itself and the Plaintiffs.

In short, because the parties do not dispute that Plaintiffs' assertions in their amended complaint with respect to BNY had no chance of success, and since BNY has been voluntarily dismissed from this suit, the Court confirms that it has subject matter jurisdiction in this action.

*C. Conclusion*

For the foregoing reasons and based on the submissions of the parties, the Court CONFIRMS it has subject matter jurisdiction in this case under 28 U.S.C. § 1332.

SO ORDERED.

Entered this 24th day of September, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge