# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BKCAP, LLC, GRAYCAP, LLC, and SWCAP, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 3:07-cv-637 ) |
| CAPTEC FRANCHISE TRUST 2000-1, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendant's motion to amend its Answer after the November 18, 2009, deadline to add an additional affirmative defense of prior material breach. (Docket # 125.) The Defendant argues that the Plaintiffs are in breach of the loan agreements because they gave a valid notice of intent to pre-pay the notes, but then failed to do so. The Plaintiffs oppose any amendment, broadly arguing that it is futile. (Docket # 131.) For the following reasons, the Defendant's motion will be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1999, the Plaintiffs (alternatively referred to as "the Borrowers") obtained thirty-four different loans totaling forty-nine million dollars from Captec Financial (eighteen loans) and GE Capital (sixteen loans) to help finance various restaurants they own in Indiana, Michigan, and Pennsylvania. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2008 WL 3833939, at *1-2 (N.D. Ind. Aug. 12, 2008). The sixteen GE Capital loans are not at issue in this action. Five of the eighteen Captec Financial loans were assigned to a third party and are not in dispute. (*Id.*) One of the other original Captec Financial loans involved a property that was damaged in a fire and is also not in dispute. (*Id.*)

This action concerns the remaining twelve loans.[1] (*Id.*) These twelve notes have been assigned to the present Defendant, Captec Franchise Trust 2000-1, a successor in interest to Captec Financial.[2] (Compl. ¶ 10.) Section 3 of each note provides that if the Borrowers wish to pre-pay the outstanding balance of the loan during the first ten years of its life, they must pay a "Pre-payment Premium." (Docket # 24-2.)

In April 2007, the Borrowers indicated a desire to pre-pay the notes but the parties disagreed over the precise computation of the pre-payment premium. (Compl. ¶¶ 15-17.) The Borrowers subsequently filed suit on October 15, 2007, asking the Court to both "declare the proper computation of the pre-payment premium due from Borrowers," declare it due (Count I), and then find the Lender in breach of the loan agreements for demanding an excessive pre-payment premium (Count II). (Compl. ¶¶ 19, 21.) The parties then filed cross-motions for summary judgment on their competing interpretations.[3] (Docket # 22, 25.)

Magistrate Judge Nuechterlein granted summary judgment in favor of the Lender, finding that the pre-payment clause was unambiguous and that the Lender's interpretation was correct. *BKCAP, LLC*, 2008 WL 3833939, at *6. The Borrowers promptly appealed to the Seventh Circuit Court of Appeals, which held that the clause was actually ambiguous and remanded the

---

[1] The Court earlier treated Loan No. 8907 (*see* Docket # 24-2) as "representative of all quoted contract language. All of the contracts have identical language, but all quoted contract language derives from Docket # 24-2." *BKCAP, LLC*, 2008 WL 3833939, at *1.

[2] For ease of reference, Captec Franchise Trust will also be referred to as the "Lender," even though it is an assignee of the original lender. *See BKCAP, LLC*, 2008 WL 3833939, at *1.

[3] The notes contain a choice of law provision that applies the law of the state where the collateral (i.e., the restaurant) is located. Among the twelve notes at issue, seven are secured by restaurants in Michigan, four by restaurants in Indiana, and one by a restaurant in Pennsylvania. As a procedural matter, however, this motion to amend is governed by federal law. *Liu v. T&H Machine, Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (applying federal law to evaluate motion to amend).

case to this Court for trial on the issue of the parties' intended method of calculating the pre-payment premium. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 572 F.3d 353, 362 (7th Cir. 2009).

On remand, the interpretation of the pre-payment premium and the breach of contract claim remain pending for trial. This matter is now before the Court on the Defendant's motion to amend its Answer and add the affirmative defense of prior material breach. In short, the Defendant claims that the Plaintiffs were in breach of the loan agreements by failing to pre-pay the notes after giving valid notice of their intention to do so. The Plaintiffs, however, oppose any amendment, arguing that it could not survive a motion for summary judgment and is therefore futile.

## II. LEGAL STANDARD ON MOTIONS TO AMEND

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id*. However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992);

3

*Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

### III. DISCUSSION

The Defendant has shown good cause to amend its Answer. There is no evidence (or even a suggestion by the Plaintiffs) that the Defendant was not diligent and that the amendment should be denied for undue delay. Although the proposed amendment comes approximately three months after the November 18, 2009, deadline to amend, it will not interfere with discovery or otherwise delay the trial. *See Thomas & Betts Corp. v. Panduit Corp.*, No. 93 c 4017, 1999 WL 92894, at *2 (N.D. Ill. Feb. 17, 1999) ("Generally, undue delay occurs when a motion to amend would 'transform' or prolong the litigation unnecessarily.") (citing *Eckstein v. Balcor Film Investors*, 58 F.3d 1162, 1170 (7th Cir. 1995)). Furthermore, the Court does not find any bad faith, dilatory motive, or prejudice, nor do the Plaintiffs claim that any exists.

4

Indeed, the Plaintiffs' only objection to the motion is that any amendment is futile because it would not survive a motion for summary judgement. The Plaintiffs' argument, however, misstates the applicable legal standard and is unpersuasive.

"Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Range v. Brubaker*, No. 3:07-cv-480, 2009 WL 3257627, at *3 (N.D. Ind. Sep. 30, 2009). *See also Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Garcia v. City of Chi*cago, 24 F.3d 966, 970 (7th Cir. 1994). Futility should be judged on whether the amendment could survive summary judgement only when a corresponding motion for summary judgement is pending. *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 96 (N.D. Ill. 2008) ("Acceptance of [the] argument that futility is defined solely with reference to the summary judgment standard would effectively transform all Rule 15(a) motions into Rule 56 motions. But that would be a nonsensical—and thus impermissible—reading of Rule 15(a)."). *See also Connetics Corp. v. Pentech Pharm., Inc*., No. 2009 WL 1089552, at *2 (N.D. Ill. Apr. 16, 2009) (applying motion to dismiss standard because no summary judgement motions pending); *Miller v. Account Mgmt. Serv.*, No. 1:07-cv-231, 2008 WL 2338300, at *2 (N.D. Ind. June 3, 2008) (applying motion to dismiss standard and noting "[i]f a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record.").

Although this case has been pending since October 2007, the vast majority of the parties' time and efforts have been dedicated to the single legal issue of declaring the proper interpretation of the pre-payment premium. Armed with the Seventh Circuit's determination that

5

the pre-payment provision is ambiguous, the parties are just now beginning to tackle through discovery the Plaintiffs' breach of contract claim. No summary judgement motions on the sufficiency of the Plaintiffs' pre-payment notice are currently before the Court. The appropriate standard, therefore, is whether the amendment could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "[t]he factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face." *Keten v. State Farm Fire & Cas. Co.*, No. 2:06-CV-341, 2008 WL 4449545, at *2 (N.D. Ind. Sept. 29, 2008). "The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). "Ultimately, a defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint." *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07-cv-1394, 2009 WL 1329217, at *3 (N.D. Ill. May 13, 2009).

The Defendant's Amended Answer alleges that the Plaintiffs' breached the loan agreements by failing to pre-pay the notes after a valid pre-payment notice was given. (Am. Ans. ¶ 9.) Indiana, Michigan, and Pennsylvania all unquestionably recognize the defense of prior material breach. *Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 875 (Ind. Ct. App.1998); *Omnicom of Michigan v. Giannetti Inc. Co.*, 561 N.W.2d 138, 141 (Mich. Ct. App. 1997); *Sands v. Wagner*, No. 4:01-cv-1475, 2007 WL 2990887, at *3-4 (M.D. Pa. Oct. 9, 2007) (applying Pennsylvania law). *See also* RESTATEMENT (SECOND) OF CONTRACTS § 237 (1981). The proposed amendment, therefore, provides enough information to state a plausible claim to relief,

*cf. Am. Top English v. Lexicon Mktg. (USA), Inc.*, No. 03 c 7021, 2004 WL 2271838, at *11 (N.D. Ill. Oct. 4, 2004) (striking affirmative defense of prior material breach where defendant merely alleged plaintiff "barred from recovery due to its prior material breaches of contract"), and can hardly be said to be legally insufficient. *See Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F.Supp. 621, 623 (N.D. Ill. 1994) ("An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances."). The amendment is therefore not futile and the Defendant is granted leave to amend its answer.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Leave to Amend its answer (Docket # 125) is GRANTED. The Clerk is directed to show the Amended Answer filed.

SO ORDERED.

Enter for March 23, 2010

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge