# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

BKCAP, LLC, GRAYCAP, LLC, and )
SWCAP, LLC, )
                       )
    **Plaintiffs,** )
                       )
    **v.** )       **CAUSE NO. 3:07-cv-637**
                       )
**CAPTEC FRANCHISE TRUST 2000-1,** )
                       )
    **Defendant.** )

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Compel Discovery or Modify Scheduling Order. (Docket # 149.) The Defendant asks the Court to compel the Plaintiffs to respond to written discovery requests and to produce documents during upcoming depositions. Alternatively, the Defendant asks the Court to extend the discovery deadline. Finally, the Defendant argues that the Plaintiffs must disclose all documents identified in their Rule 26(a)(1)(A)(ii) disclosures. For the following reasons, the Defendant's Motion is DENIED IN PART and GRANTED IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 15, 2007, Plaintiffs filed suit, seeking a declaratory judgment on the calculation of the prepayment provision in twelve different promissory notes held by Defendant. Magistrate Judge Nuechterlein entered a Scheduling Order on February 19, 2008, which provided that "[a]ll discovery other than depositions must be initiated at least forty-five days before the cut-off date." (Docket # 20, pg. 4.) On August 12, 2008, Magistrate Judge Nuechterlein found the contract provision to be unambiguous and granted summary judgement in favor of the Defendant. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637,

2008 WL 3833939 (N.D.Ind. Aug.12, 2008).

The Plaintiffs promptly appealed, and the Seventh Circuit Court of Appeals found the contract provision to be ambiguous and remanded the case to this Court for trial. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 572 F.3d 353 (7th Cir. 2009). This Court held a Rule 16 Preliminary Pretrial Conference on October 15, 2009, and entered a Scheduling Order setting April 16, 2010, as the discovery deadline. (Docket # 93.) That Scheduling Order also provided that: "Any order by the court or one of the court's magistrate judges heretofore entered, shall continue to be binding on the parties <u>except as herein modified</u>." (Docket # 93, pg. 6) (emphasis in original.)

The Defendant served the Plaintiffs with a request for production of documents on March 11, 2010. (Br. In Supp. 1.) Defendant also served deposition notices that included a request for documents under Federal Rule of Civil Procedure 30(b)(2) on March 12, 2010. When the Plaintiffs objected to both requests, the Defendant filed the present Motion to Compel.

The Plaintiffs objected to the March 11, 2010, request as untimely, because it came after the 45 day cut-off for serving discovery. Defendant, however, argues that its request is timely because Magistrate Judge Nuechterlein's February 2008 Scheduling Order establishing the 45 day deadline was supplanted by this Court's October 2009 Scheduling Order. The Defendant then argues that, even if the 45 day cut-off is still in effect, it does not apply to deposition notices and any accompanying requests for documents. Alternatively, it asks the Court to simply extend the discovery deadline. The Plaintiffs, however, claim that the document requests accompanying the Defendant's deposition notices should be denied as

simply an attempt to circumvent the 45 day cut-off and that good cause has not been shown to extend the discovery deadline.  Finally, the Defendant seeks to compel the Plaintiffs to disclose all documents identified in their Rule 26(a)(1)(A)(ii) disclosures, a point the Plaintiffs contest since the rule allows them to choose between providing copies of documents or to describe the documents by category, and they chose the latter.

## II. DISCUSSION

*A. The February 2008 Scheduling Order Is in Force and the Discovery Deadline Will Not Be Extended.*

The Defendant argues that the February 2008 Scheduling Order's requirement that all discovery other than depositions be initiated at least 45 days prior to the discovery deadline is no longer in force after the appeal to the Seventh Circuit Court of Appeals and remand to this Court.  Similarly, Defendant claims that the February 2008 Scheduling Order was entirely supplanted by the parties' Rule 26(f) Report and this Court's October 15, 2009, Scheduling Order.

Contrary to the Defendant's belief, the appeal to the Seventh Circuit and remand to this Court did not cause Magistrate Judge Nuechterlein's February 2008 Scheduling Order to simply disappear.  Nor was the February 2008 Scheduling Order directly supplanted by any later orders of this Court.  Rather, this Court specifically incorporated the 45 day deadline into its own October 2009, Scheduling Order by admonishing the parties that "[a]ny order by the court or one of the court's magistrate judges heretofore entered, shall continue to be binding on the parties <u>except as herein modified</u>." (Docket # 93, pg. 6) (emphasis in original.)  Because the October 2009 Scheduling Order did not specifically modify the February 2008 Scheduling Order's 45 day cut-off, the deadline remains in effect and the Defendant's written discovery

requests are untimely.

Alternatively, the Defendant asks the Court to extend the discovery deadline, thereby giving the Plaintiffs the required 45 day notice. Federal Rule of Civil Procedure 16(b)(4) provides that the Court may modify a scheduling order if the party seeking modification shows good cause. *See United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1; *Tschantz*, 160 F.R.D. at 571.

The Defendant has not shown good cause to modify the scheduling order after the deadline. This case was reassigned to this Court on September 2, 2009, following remand from the Seventh Circuit. A status conference was held on September 23, 2009, and the Rule 16 Preliminary Pretrial Conference was held on October 15, 2009. This Court's resulting October 2009 Scheduling Order clearly provided that all previous court orders remained in effect unless modified therein, and the 45 day cut-off was left untouched. The Defendant's mistaken belief that the deadline was no longer in force is not good cause, *see Tschantz*, 160 F.R.D. at 572; *see also Holstein v. Brill*, 987 F.2d 1268, 1271 (7th Cir.1993), and, therefore, the discovery schedule will not be modified. Accordingly, because the 45 day cut-off is still in effect and the Defendant has not shown good cause to extend the discovery deadline, the Motion to Compel is DENIED with respect to the March 11, 2010, written discovery requests.

*B. The 45 Day Cut-Off Does Not Apply to Deposition Notices and Accompanying Document Requests*

The Defendant next argues that since the February 2008 Order specifically exempts deposition notices from the 45 day cut-off, the Plaintiffs should be compelled to produce the witnesses and comply with the accompanying document request. Plaintiffs respond that they will produce the requested witnesses, but object to the accompanying document requests as an attempt to circumvent the 45 day discovery cut-off.

Under Federal Rule of Civil Procedure 30(b)(2), "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." "In essence, a document request under Rule 30(b)[(2)] is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request." *Canal Barge Co.* v. *Commonwealth Edison Co.*, No. 98-c-0509, 2001 WL 817853, at *5 (N.D. Ill. July 19, 2001) (quoting *Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995)). Requests under Rule 30(b)(2) should be "few and simple" and "closely related to the oral examination," otherwise the Court may assume that the document requests fall under Rule 34, in which case they may be barred as untimely if made after the written discovery deadline. *Id.* (quoting *Carter*, 164 F.R.D. at 133).

Here, the requested documents generally deal with the actions and intent of the parties as the promissory notes were being formed and are therefore closely related to the subject matter of the deposition. Furthermore, although the raw number of documents requested might seem large, given the history and complexity of this case, and considering the sophistication of the parties involved, the amount of documents being sought is not excessive. Finally, unlike in

*Carter*, and contrary to the Plaintiffs' argument, there is no evidence that the Defendant's request for documents under Rule 30(b)(2) was made in a deliberate attempt to circumvent the written discovery deadline. Accordingly, the Defendant's Motion to Compel is GRANTED with respect to its Rule 30(b)(2) request for documents. On its own motion, and consistent with its previous Order (*see* Docket # 148), the Court further extends the discovery deadline to May 10, 2010, to allow the parties to reschedule and complete, if necessary, the previously approved post-deadline discovery.

*C. Plaintiffs' Do Not Need To Initially Provide Copies of Every Document Identified in their Rule 26(a)(1)(A)(ii) Disclosures.*

The Defendant also seeks to compel the Plaintiffs to provide copies of every document identified in their Rule 26(a)(1)(A)(ii) disclosures. The Plaintiffs respond that they are not required to provide actual copies of all documents disclosed, but may instead provide a description by category and location of the documents.

To the extent the Defendant seeks documents also covered in its Rule 30(b)(2) request, the motion to compel is MOOT. As to those documents not covered by the Rule 30(b)(2) request, the Plaintiffs' argument is correct: Rule 26(a)(1)(A)(ii) does not automatically require a party to produce actual copies of every document it discloses. Rather, a party is plainly permitted to produce "a description by category and location" of all documents it discloses. Accordingly, the Defendant's motion to compel is DENIED with respect to this request.

### III. CONCLUSION

To summarize, the Defendant's Motion to Compel is DENIED with respect to its March 11, 2010, written discovery requests. The Motion is GRANTED with respect to the March 12, 2010, deposition notice and accompanying request for documents. Finally, the

Defendant's request that Plaintiff provide copies of all documents listed in their Rule

26(a)(1)(A)(ii) disclosures is DENIED. The discovery deadline is extended to May 10, 2010,

for the completion of any remaining discovery.


      SO ORDERED.

      Enter for April 26, 2010

<div style="margin-left:50%">

/S/ Roger B. Cosbey_____

Roger B. Cosbey,

United States Magistrate Judge

</div>

-