UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BKCAP, LLC, GRAYCAP, LLC, and SWCAP, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 3:07-cv-637 ) |
| CAPTEC FRANCHISE TRUST 2000-1, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendant's motion to dismiss. (Docket # 159.) The Defendant argues that the Plaintiffs' lawsuit no longer presents an actual case or controversy and should therefore be dismissed for lack of subject matter jurisdiction. For the reasons stated below, the Defendant's motion is DENIED.

### I. FACTUAL AND PROCEDURAL HISTORY

In August 1999, the Plaintiffs executed and delivered to the Defendant's predecessor-in-interest twelve promissory notes totaling approximately $19 million.[1] Each note provides that if the Plaintiffs wish to pre-pay the outstanding balance before September 1, 2009, they must pay a pre-payment premium.[2]

In July, and again in October, 2007, the Plaintiffs sent the Defendant a notice, stating

---

[1] See this Court's previous Opinion and Order for a more thorough discussion of the history of this case. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, --- F.Supp.2d ----, No. 3:07-cv-637, 2010 WL 1222190 (N.D. Ind. Mar. 23, 2010).

[2] The notes contain substantively identical language. In keeping with earlier precedent, the Court treats Loan No. 8907 (Docket # 24-2) as "representative of all quoted contract language." *See BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2008 WL 3833939, at *1 (N.D. Ind. Aug 12, 2008), *rev'd*, 572 F.3d 353 (2009).

their desire to pre-pay the notes subject to the Defendant's agreement with their formula for calculating the pre-payment premium. (Compl. ¶¶ 16, 17.) The Defendant rejected the Plaintiffs' methodology and no pre-payment was made. On October 15, 2007, the Plaintiffs brought suit, asking the Court to both declare the amount of the pre-payment premium and hold the Defendant in breach of the notes for its refusal to accept the Plaintiffs' pre-payment. (Docket # 1.)

The parties have now spent the last thirty months battling over the declaratory judgment count in an effort to determine the correct method of calculating the pre-payment premium. After Magistrate Judge Nuechterlein granted the Defendant summary judgment in favor of its interpretation, the Seventh Circuit Court of Appeals held that the pre-payment clause was ambiguous and remanded the case to this Court for trial. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 572 F.3d 353 (7th Cir. 2009). In the interim, however, the ten-year window in which the pre-payment penalty must be paid has expired, and the Plaintiffs have apparently pre-paid nine of the loans and may pay the remaining three without penalty. (Br. In. Supp. 2.) Consequently, the Defendant filed the present motion, arguing that because the ten-year pre-payment window has passed and the premium is no longer required, there is not a justiciable case or controversy and the Court no longer has subject matter jurisdiction.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) "requires a court to dismiss an action when it lacks subject matter jurisdiction." *Durst v. Ill. Farmers Ins. Co.*, No. 05 C 574, 2005 WL 2007221, at *1 (N.D. Ill. Aug. 16, 2005) (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945 (7th Cir. 2003)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000). If there is no statutory basis for its subject matter jurisdiction, "a district court, which is a court of limited jurisdiction, should proceed no further than determining whether to dismiss or transfer the case." *Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004).

Article III of the United States Constitution limits federal subject matter jurisdiction to the adjudication of actual "cases or controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). Accordingly, federal courts may not render advisory opinions that address abstract legal questions. *United Pub. Workers v. Mitchell*, 330 U.S. 75, 89 (1947). In determining whether a justiciable case or controversy exists, the court must consider whether the contentions of the parties present "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

## III. DISCUSSION

In the present case, the Defendant alleges that because the pre-payment window has passed, and the Plaintiffs have pre-paid nine of the loans and may pre-pay the remaining three without penalty, there is no longer a justiciable case or controversy before the court. Accordingly, the Defendants believe the case must be dismissed for lack of subject matter jurisdiction.

The Defendant's summary argument, however, neglects the true procedural posture of this case and is ultimately unpersuasive. There have always been two claims before the Court—the first for a declaratory judgment and the second for breach of contract. (*See* Compl. ¶¶

3

19, 21.) The Defendant's motion, however, makes no mention of the breach of contract claim and attempts to characterize this case as purely one for declaratory judgment.

A basic overview of the Plaintiffs' claims, however, demonstrates that even with the expiration of the pre-payment window, there is still a justiciable case or controversy before the Court. The Plaintiffs' lawsuit is not simply an attempt to declare the proper calculation of a pre-payment premium that will no longer be due, despite the Defendant's attempts to characterize it as such. Rather, the Plaintiffs seek a declaration of the correct pre-payment premium as a necessary component of their claim that the Defendant breached the loan agreements by not allowing them to pre-pay in 2007.

Accordingly, the expiration of the pre-payment window does not render this dispute moot. To the contrary, the resolution of this lawsuit necessarily requires the Court to declare what the pre-payment premium would have been in 2007. Only then, with the computation of the pre-payment premium firmly established, can the Court address whether the Defendant breached the loan agreements by refusing pre-payment and, if so, to what extent the Plaintiffs were damaged by not being able to pre-pay in 2007. The declaratory judgment claim, therefore, is part of the ongoing "case or controversy" and does more than merely advise the parties "what the law would be on a hypothetical state of facts." *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998). As such, the Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

### IV. CONCLUSION

Despite the passage of time and expiration of the pre-payment window, there is still a justiciable case or controversy before the Court—namely, whether the Defendant was in breach

of the loan agreement by not accepting the Plaintiffs' attempts to pre-pay the notes in 2007. The resolution of this claim necessarily requires the Court to first declare what the pre-payment premium should have been. As such, the Plaintiffs' declaratory judgment claim is not moot and the Defendant's motion to dismiss for lack of subject matter jurisdiction (Docket # 159) is DENIED.

SO ORDERED.

Enter for June 8, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge